IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| DAMEON TYRELL ARRINGTON, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 2: 22-cv-00611 |
| ) | |
| vs. ) | |
| ) | United States Magistrate Judge |
| SUPERINTENDENT LONNIE OLIVER, ) | Cynthia Reed Eddy |
| DISTRICT ATTORNEY OF CLARION ) | |
| COUNTY, and THE ATTORNEY ) | |
| GENERAL OF THE STATE OF ) | |
| PENNSYLVANIA, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION[1]

Pending before the Court is the counseled Petition for a Writ of Habeas Corpus filed on behalf of state prisoner Dameon Tyrell Arrington. Respondents filed a Motion to Dismiss on the grounds that the petition was untimely filed. (ECF No. 7). Petitioner, through counsel, filed a response in opposition (ECF No. 19). The matter is ripe for disposition.

For the reasons that follow, the motion will be granted, the petition for a writ of habeas corpus will be dismissed with prejudice, and a certificate of appealability will be denied.

**I.   Factual and Procedural Background**

Petitioner, Dameon Tyrell Arrington ("Petitioner" or "Arrington"), is challenging the judgment of sentence imposed on him at Criminal Docket No CP-16-CR-0000597-2018 (docket number "597-2018") by the Court of Common Pleas of Clarion County on November 20, 2019. (ECF No. 1). On October 22, 2019, a jury empaneled before the Honorable James G. Arner,

---

[1]   Pursuant to 28 U.S.C. § 636(b)(1), the parties have voluntarily consented to have this case heard by a magistrate judge. (ECF Nos. 13 and 20).

1

President Judge of the Court of Common Pleas of Clarion County, convicted Arrington of various offenses including Involuntary Manslaughter, Conspiracy to Commit Involuntary Manslaughter, and Drug Delivery Resulting in Death. (ECF 6-7 at p. 7). He was sentenced to an aggregate term of 11-1/2 to 23 years' incarceration. (*Id*. at p. 23).

Arrington, through counsel, filed a timely post-sentence motion and supplemental motion which were denied on April 17, 2020. (ECF No. 32 at pp. 6-19). He then, through counsel, filed a timely notice of appeal. (*Id*. at p. 20). The Superior Court of Pennsylvania affirmed the judgment of sentence on March 8, 2021. *Commonwealth v. Arrington,* 579 WDA 2020 (Pa. Super. Mar. 8, 2021) (unpublished memorandum) (ECF No. 1-2). He did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania and he did not file a petition under the Post-Conviction Relief Act ("PCRA") in state court.

On April 25, 2022, Arrington filed the instant counseled petition for writ of habeas corpus raising two claims: jury misconduct and improper venue. Arrington did not complete Paragraph 18 of the Petition, which asks about the timeliness of the petition. (ECF No. 1 at p. 14). On June 24, 2022, Respondents filed a Response to the Petition (ECF No. 6) and a Motion to Dismiss (ECF No. 7) contending that the petition should be dismissed as untimely. Arrington responded to the motion arguing:

> Based on information and belief, counsel for direct appeal was instructed to file a petition for *allocator* to PA Court Supreme Court (sic), which permits a reply answer within 14 days after filing.
>
> As such, it was well within the expected time frame before the PA Supreme Court would have made a decision to grant allocator or not likely late in late May or even June.
>
> Consequently, had appellate counsel done as directed, the instant petition should be deemed timely based on the rule of lenity due to the clean hands of the plaintiff.

Resp. at p. 2 (ECF No. 19).

## II.     Time Period for Filing Federal Habeas Corpus Petitions

The first consideration in reviewing a federal habeas corpus petition is whether the petition was timely filed under the one-year limitations period applicable to such petitions. In this regard, the federal habeas corpus laws were amended pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which provides as follows.

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The AEDPA limitations period is subject to both statutory and equitable tolling. *Jones v. Morton,* 195 F.3d 153, 158 (3d Cir. 1999).

In analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court

must determine the "trigger" date for the individual claims raised in the petition. A judgment becomes final at the conclusion of direct review or upon the expiration of time for seeking such review. *Id.; see Gonzales v. Thaler*, --- U.S. ----, 132 S. Ct. 641, 653-54 (2012). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

Arrington's judgment of sentence became final on April 7, 2021, which was the last date on which he could have sought review from the Supreme Court of Pennsylvania. *See* Pa. R.A.P. 1113(a) (providing that petition for allowance of appeal must be filed within 30 days of the Superior Court's order); *Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir. 2000) ("[T]he period of limitation tolls during the time a prisoner has to seek review of the Pennsylvania Superior Court's decision[,] whether or not review is actually sought."). Therefore, for all the claims raised in this habeas petitioner, the "trigger" date for purposes of the one-year period under § 2244(d)(1)(A) is April 7, 2021. He needed to file his federal habeas petition within one year of that date, or April 8, 2022. Since Arrington filed the instant petition on April 25, 2022, the petition is facially untimely and must be dismissed unless Arrington can show that the limitations period should be tolled, either statutorily or equitably, or that an alternative start date should apply.

      1.    Statutory Tolling

Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). As noted above, Arrington did not file an application for post-conviction relief or other

collateral review. As a result, no time was tolled between the time Arrington's judgment of sentence became final and the filing of the instant federal habeas petition.

Moreover, nothing in the record before this Court indicates that Arrington is entitled to take advantage of any of the other provisions triggering the one-year limitations period under 28 U.S.C. § 2244(d)(1)(B)-(D). For example, Arrington does not argue that he suffered any impediment to filing his federal petition. 28 U.S.C. § 2244(d)(1)(B). Nor has he asserted that his claims are based on a new constitutional right recognized by the United States Supreme Court and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). And he has not shown that his claims are based upon a factual predicate that could not have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D).

2. Equitable Tolling

The habeas limitations period can be tolled in rare circumstances when "principles of equity would make [its] rigid application unfair." *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80. 89 (3d Cir. 2013). There is no indication in the record that the doctrine of equitable tolling should be applied. Although AEDPA's one-year limitation in § 2244(d) is a statute of limitations, not a jurisdictional bar, and, therefore, may be equitably tolled, the United States Court of Appeals for the Third Circuit has held that "courts should be sparing in their use of the doctrine" and limit its application only to the "rare situation where [it] is demanded by sound legal principles as well as the interests of justice." *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005) (internal citations omitted). Generally, petitioners are entitled to equitable tolling only if they show both that (1) they have been pursuing their rights diligently, and (2) that some extraordinary circumstance stood in their way. *Holland v. Florida,* 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "This conjunctive standard requires showing <u>both</u>

elements before we will permit tolling." *Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012) (emphasis in original).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, *Jones*, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, *see Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005). Significantly, even where extraordinary circumstances exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

The Court finds that Arrington has not met his burden of demonstrating that he is entitled to equitable tolling. Arrington contends that his attorney did not file a petition for allowance of appeal with the Supreme Court of Pennsylvania, despite Arrington's instruction to do so. Resp. at 2.[2] As a result, he argues that this Court should deem the instant petition "timely filed based on the rule of lenity due to the clean hands of the plaintiff." *Id*. To be sure, courts have held that "[a]n attorney's total failure to communicate with his client, particularly where the attorney has failed to inform his client that his case has been decided and that decision implicates the client's ability to bring further proceedings, can constitute attorney abandonment, thereby supplying

---

[2] The evidence of record indicates that the Office of the Public Defender of Clarion County represented Arrington at trial and on direct appeal to the Superior Court. After the judgment was affirmed by the Superior Court, Attorney Eric A. Jobe was retained to represent Arrington. (ECF 6-38, at p. 15). By Order dated April 28, 2021, the Office of the Public Defender of Clarion County was permitted to withdraw as counsel in the case. (*Id.* at p. 16).

'extraordinary circumstances' justifying equitable tolling of the statute of limitations." *Warren v. Sauers*, No. 1:12-CV-1819, 2015 WL 778208, at *8 (M.D. Pa. Feb. 24, 2015) (citing *Holland v. Florida*, 560 U.S. 631, 652 (2010)); *Ross*, 712 F.3d at 803; *Gibbs v. Legrand*, 767 F.3d 879, 887 (9th Cir. 2014)); *but see LaCava*, 398 F.3d at 277 (noting that "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling"). However, the Court need not decide whether Arrington has shown extraordinary circumstances because, even assuming that he has, he has not shown that he exercised reasonable diligence.

There is no evidence in the record that Arrington ever inquired of his attorneys or the Pennsylvania state courts if a petition for allocator was filed. This lack of inquiry into the status of his case evinces a lack of diligence on Arrington's part. *See LaCava*, 398 F.3d at 277-78 (finding a lack of due diligence where petitioner, represented by counsel, waited 21 months to inquire with the state courts as to the status of his filing).

Since Arrington did not display reasonable diligence under the circumstances in pursuing his rights, he is not entitled to tolling of AEDPA's statute of limitations.[3] *Cf. Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 463 (6th Cir. 2012) (explaining that courts "have declined to allow equitable tolling where a petitioner's attorney misled him into believing that his appeal was still pending before the state court because the petitioner failed to diligently monitor the progress of his appeal"). Arrington has not shown that he was diligent in filing his federal habeas corpus

---

[3] Because Arrington has failed to show that he exercised reasonable diligence in pursuing his rights, the Court finds no basis to hold an evidentiary hearing on this issue. *See LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (citing *Robinson v. Johnson*, 313 F.3d 128, 143 (3d Cir. 2002)) (explaining that a "hearing on availability of equitable tolling [is] not warranted where petitioner failed to show that he exercised reasonable diligence in attempting to file a timely petition").

7

petition, and he has not directed this Court to anything that would qualify as an "extraordinary circumstance" that stood in his way of filing a timely federal habeas petition. Arrington has not shown that this is one of those "rare situations," *Sistrunk*, 674 F.3d at 190, in which equity permits tolling. As a consequence, the motion to dismiss will be granted and the petition for writ of habeas corpus will be denied with prejudice.

### III.     Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying that standard here, the Court concludes that jurists of reason would not find it debatable that the claims in the petition are time-barred and that Arrington is not entitled to equitable tolling. Consequently, a certificate of appealability will be denied.

### IV.     Conclusion

For these reasons, the motion to dismiss will be granted and the petition for writ of habeas corpus will be denied with prejudice. Further, a certificate of appealability will be denied. An separate Order follows.

Dated:  November 3, 2022

s/Cynthia Reed Eddy<br>Cynthia Reed Eddy<br>United States Magistrate Judge

cc: All Counsel of Record
   (via ECF electronic notification)